UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEITH THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-2362 (CKK) |
| | ) | |
| | ) | |
| UNITED STATES CUSTOMS AND | ) | |
| BORDER PROTECTION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

Plaintiff brings this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Administrative Procedures Act, 5 U.S.C. § 500, Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,[1] and the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, seeking a listing of ports from which ships containing cocaine were confiscated by United States Customs and Border Protection.  The Defendants, by and through their undersigned attorneys, and pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), hereby respectfully move to dismiss Plaintiff's Complaint because there is no Bivens remedy against individual defendant, David Hardy; because the Bureau of Alcohol, Tobacco and Firearms, the Federal Bureau of Investigation, the Central Intelligence Agency, United States Coast Guard, United States Custom and Border Protection and its Director, and Bureau of Alcohol, Tobacco and Firearms and its Director have

---

[1]403 U.S. 388 (1971).

not been served with the Complaint;[2] because the requested records have been produced from the

Government Accountability Office and the Federal Communications Commission; and because

Plaintiff failed to exhaust his administrative remedies prior to filing this suit, as required by

FOIA, with respect to United States Customs and Border Protection and the Department of

Energy.  Alternatively, pursuant to Rule 56 of the Federal Rules, all properly served defendants

move for summary judgment on the grounds that no genuine issue as to any material fact exists

and defendants are entitled to judgments as a matter of law.[3]  In support of this motion, the Court

---

[2]On April 18, 2006, Plaintiff filed an Amended Complaint.  The Amended Complaint, in all material respects, is the same as the original complaint and raises no new issues.  With the exception of the United States Coast Guard, none of the parties have been served with the Amended Complaint.  The United States Coast Guard was served with the Amended Complaint on April 10, 2006.  Its answer is due on May 10, 2006 and is forthcoming.

[3]Plaintiff should take notice that any factual assertions contained in the affidavits in support of this motion will be accepted by the Court as true unless plaintiff submits his own declaration or other documentary evidence contradicting the assertions in the attached affidavits.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provide as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

is respectfully referred to the accompanying Declarations.[4]  A memorandum of points and

authorities in support of this motion and a proposed Order are filed herewith.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney
District of Columbia


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

---

[4]The Declarations of Dorothy Pullo of United States Customs and Border Protection, Alexander Morris of the Department of Energy, Sandra R. Armstrong of the Government Accountability Office, Shoko B. Hair of the Federal Communications Commission and Tom D. Shirley of the Federal Communications Commission are attached.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEITH THOMAS,                                ) | |
|                                                         ) | |
|                          Plaintiff,         ) | |
|                                                         ) | |
|            v.                                        ) | Civil No. 05-2362 (CKK) |
|                                                         ) | |
|                                                         ) | |
| UNITED STATES CUSTOMS AND      ) | |
| BORDER PROTECTION, ET AL.,        ) | |
|                                                         ) | |
|                          Defendants.  ) | |
| _____) | |

**STATEMENT OF MATERIAL FACTS AS**
**TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 108(h), defendants submit this statement of material facts as to which there is no genuine issue:

1. On December 20, 2005, Plaintiff filed a Complaint naming United States Customs and Border Protection ("Customs"), Bureau of Alcohol, Tobacco and Firearms ("ATF"), Federal Bureau of Investigation ("FBI"), Central Intelligence Agency ("CIA"), United States Department of Energy ("DOE"), United States Coast Guard ("Coast Guard"), Government Accountability Office ("GAO"), Federal Communications Commission ("FCC"), John Doe, Director, Customs, John Doe, Director, ATF, and David M. Hardy, FBI, as defendants. Plaintiff indicated that he had "written letters of claim and complaints . . . to the U.S. Customs and Border Protection . . . to obtain documents . . . ." Compl. pp. 1, 3, 4.

2. By letter dated April 18, 2005, Plaintiff made a request to GAO for the "Freedom on Information procedure and official operation within the Government Accountability Office."

Armstrong Dec. ¶ 5 and Exhibit 1.

    3.  By letter dated October 26, 2005, GAO informed Plaintiff that GAO was not subject to FOIA.  Armstrong Dec. ¶ 5  and Exhibit 2.  GAO enclosed a copy of its regulations concerning the public availability of GAO records.  Armstrong Dec. ¶ 5.  GAO also enclosed a copy of the following information: GAO Serving the Congress, GAO's Strategic Plan (2004-2009), GAO Performance & Accountability Report (Fiscal Year 2004).  Id.

    4.  By letter dated, November 13, 2005, Plaintiff requested information regarding permits for public broadcasting issued by the FCC as well as for copies of GAO reports numbered GAO 04-8, GAO 03-7, GAO 03-742T, GAO 04-262T, GAO/NSIAD 00-222 and GAO 03-772. Armstrong Dec. ¶ 6 and Exhibit 3.

    5.  By letter dated, December 1, 2005, GAO again informed Plaintiff that GAO was not subject to FOIA.  Armstrong Dec. ¶ 6  and Exhibit 4.  GAO enclosed a copy of its regulations concerning the public availability of GAO records, and provided Plaintiff with copies of the reports he requested.  Armstrong Dec. ¶ 6.  In addition, GAO provided Plaintiff with the address of the FOIA officer at the FCC.  Id.

    6.  By letter dated December 13, 2005, Plaintiff requested information from the FCC "about obtaining an FCC license for radio and cable network."  Hair Dec. ¶ 5 and Exhibit 1. GAO determined that, according to the FOIA statute, 5 U.S.C. § 552, and the FCC's FOIA regulations, 47 C.F.R. §§ 0.441-0.470, the request was not a FOIA request, but "a request for information and/or a general inquiry," properly directed to the FCC's Consumer and Governmental Affairs Bureau ("CGB").  Hair Dec. ¶ 5.

2

7.  By letter dated January 4, 2006, CGB provided Plaintiff with information regarding how to obtain an FCC license for a radio and cable network.  Shirley Dec. ¶¶ 1, 2 and Exhibit 2.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney
District of Columbia


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEITH THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil No. 05-2362 (CKK)** |
| ) | |
| ) | |
| **UNITED STATES CUSTOMS AND** ) | |
| **BORDER PROTECTION, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

## I.  BACKGROUND

On or about December 8, 2005, Plaintiff, Keith Thomas, commenced this action in the United States District Court for the District of Columbia.  This complaint is captioned as a Bivens action.  Although inartfully drafted, Plaintiff seems to claim that his rights under the Freedom of Information Act, 5 U.S.C. § 522, the Administrative Procedures Act, 5 U.S.C. § 500, and the Fifth, and Fourteenth Amendments were violated because his has been unable to obtain information about ships containing cocaine that were seized by Customs.  Specifically, Plaintiff alleges that he has been unable to obtain the following information:

> "1.  Listing of US . . . ports of the U.S. Custom (sic) branches that confiscated ships that transported tons of cocaine that was (sic) seize (sic) by the U.S. Custom (sic). . . requesting all paperwork that dealt with each ship seize (sic) with cocaine.
> 2.  How much cocaine has been confiscated, and the procedure how (sic) it has been computed . . . and use (sic) as evidence.
> 3.  The names of all ship (sic) and their course when seize (sic)."

Compl. pp. 1-2.  Plaintiff also seems to claim that his First and Eighth Amendment rights were

violated because he has been prevented from "petition[ing] the Government for a redress of grievance." Compl. p. 3.

## II.  STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P.12(b)(1), 12(b)(5) and 12(b)(6) for lack of subject matter jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted.  Alternatively, defendants move for summary judgment on the grounds that no genuine issue as to any material fact exists and defendants are entitled to judgment as a matter of law.

### A.  Motions to Dismiss

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'" Gardner v. U.S., No. Civ. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987); see also 4 Wright & Miller:  Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)("...subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.")  A court may resolve a motion to dismiss brought pursuant to Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; see also Cureton v. United States Marshal Service, 322 F. Supp.2d 23, 2004 WL 1435124, *2 (D.D.C.

June 28, 2004).

In reviewing motions to dismiss based on Rule 12(b)(6), the court "must treat the complaint's factual allegations as true, [and] must grant [the] plaintiff the benefit of all reasonable inferences from the facts alleged . . . ." Gilvin v. Fire, 259 F.3d 749, 756 (D.C. Cir. 2001). Additionally, the court may grant the dismissal only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard of review, it is evident that Plaintiff's case should not survive this motion.

**B. Summary Judgment**

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Alveska Pipeline Serv. Co. v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment); Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); Dep't of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989). In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. Oglesby v. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. Students Against

3

Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001).  Because defendants here have released all documents requested by Plaintiff, the motion for summary judgment should be granted.

## III.  ARGUMENT

### A.  There is No Bivens Remedy Against Individual Defendant David M. Hardy

Pursuant to Bivens, Plaintiff has made First, Fifth, Eighth and Fourteenth Amendment claims against David M. Hardy, FBI, in his individual capacity.  However, Plaintiff asserts that he is seeking relief because of his inability to obtain requested information.  Therefore, his claim is one which falls under the Freedom of Information Act.[1]  "FOIA established a comprehensive statutory scheme to resolve all issues associated with the release of documents."  Johnson v. Exec. Office for U.S. Attorneys, 310 F.3d 771, 777 (D.C. Cir 2002).  When a plaintiff's claims are encompassed within the remedial scheme of FOIA, courts have concluded that a Bivens remedy is not appropriate.  Id; Spagnola v. Mathis, 859 F.2d 223, 228 (D.C. Cir 1988)(en banc)(no Bivens remedy available if a statute provides a "comprehensive system to administer public rights").  Cf. Griffin v. Ashcroft, No. 02-5399, 2003 WL 22097940, *1-2 (D.C. Cir. Sept 3, 2003)(affirming dismissal of constitutional claims because "they are encompassed within the remedial scheme of the Privacy Act").  In Schweiker v. Chilicky, 487 U.S. 412, 423 (1987), the Court indicated that when the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, additional Bivens remedies are not created.  See Bush v.

_____

[1]To the extent that Plaintiff asserts any proper Bivens claims, the defendants would be immune from suit.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Lucas, 462 U.S. 367, 368 (1983)(courts should refrain from implying a <u>Bivens</u> remedy when

'special factors' counseling hesitation, such as Congressionally-provided remedies for

constitutional violations, are present.")  <u>See also</u> <u>Chung v. Dep't of Justice</u>, 333 F.3d 273, 275

(D.C. Cir. 2003); <u>Sinclair v. Hawke</u>, 314 F.3d 934, 939-40 (8th Cir. 2003).  Even if the remedies

available in FOIA and appellate review were somehow deemed inadequate to address Plaintiff's

alleged harms, their mere existence is sufficient reason for the courts not to create a <u>Bivens</u> cause

of action.

Here, Plaintiff's claims are properly addressed by the detailed procedures available to all

requesters under FOIA.  <u>See</u> <u>Brooks v. Bureau of Prisons</u>, No.Civ.A. 04-0055, 2005 U.S. Dist.

LEXIS 4453, *1 (D.D.C. March 17, 2005).  Therefore, Plaintiff's <u>Bivens</u> claim must fail.

Moreover, Plaintiff's claim must fail because the proper defendant in a FOIA case is the agency.

Individual employees of the federal government are not subject to suit under FOIA.  <u>See</u> <u>Stone v.</u>

<u>Defensive Investigative Serv.</u>, 816 F.Supp. 782, 785 (D.D.C. 1993); <u>Whittle v. Moschelle</u>, 756

F.Supp. 589, 596 (D.D.C. 1991).[2]

**B.  Named Parties Were Not Served With the Complaint**

Plaintiff named ATF, FBI, CIA, Coast Guard, John Doe, Customs, and John Doe, ATF,

as defendants.  However, none of these parties was served with the Complaint.  <u>See</u> Docket

Report 8, 10.  Therefore, as to these defendants, the Complaint should be dismissed for

insufficiency of service of process under Fed.R.Civ.P. 12(b)(5).[3]

---

[2]Plaintiff also attempted to sue John Doe, Customs, and John Doe, ATF, in their individual capacities.  However, for the same reasons, Plaintiff's attempt must fail.

[3]Moreover, it is well settled that unless unnamed/unidentified defendant, John Doe, voluntarily makes an appearance or otherwise waives the lack of personal jurisdiction defense,

### C.  Plaintiff Failed to Exhaust His Administrative Remedies as to Customs and DOE

 Plaintiff alleges to have "writter (sic) letters of complaint . . . to the U.S. Customs and Border Protection . . . to obtain documents." Compl. p. 5.  The processing of a FOIA request with all applicable timing deadlines, is triggered by an agency's receipt of a request.  See 5 U.S.C. § (a)(6)(A)(I).   However, Customs and DOE have no record of receiving FOIA requests from Plaintiff, see Pullo Dec. ¶3, 4; Morris Dec. ¶ 3, much less the exhaustion of any such claim.  To the extent that Plaintiff asserts a basis for claims under FOIA, he is incorrect.

 FOIA requires Federal agencies to make their records promptly available to any person who makes a proper request for them.  See FOIA Update, Vol. XIX, No.3, at 4.  Until an agency (or the proper component of that agency) receives a FOIA request, it is not obligated to search for responsive records, meet time deadlines, or release any records.  Blackwell End v. EEOC, 1999 U.S. Dist. LEXIS 3708, at 6 (E.D.N.C. Feb. 12, 1999) ("The time period for responding to a FOIA request . . . does not begin to run until the request is received by the appropriate office and officer in the agency, as set forth in the agency's published regulations."); see also Judicial Watch, Inc. v. U.S. Dep't of Justice, No. 97-2089, slip op. at 10-11 (D.D.C. July 14, 1998) (finding that the court was without jurisdiction when plaintiff filed complaint prior to lapse of statutory time limit); cf. Soghomonian v. U.S., 82 F. Supp. 2d 1134, 1138 (E.D. Cal. 1999) (holding that 20-day time period for responding to administrative appeal begins when agency receives appeal, not when requester mails it).

_____

the Court lacks personal jurisdiction over that individual.  E.g. Shipkovitz v. Mosbacher, Civ.A.No. 90-2159(CRR), 1991 WL 251864 (D.D.C. Nov. 12, 1991), aff'd, 1992 WL 394489 (D.C. Cir. Nov. 5, 1992)(dismissing claims against John Doe defendant because D.C. Code did not provide for such constructive service).  See Fed.R.Civ.P. 12(b)(2).

FOIA requesters may not attempt to "leapfrog" over the substantive steps in the administrative process without first exhausting all administrative remedies.  Tuchinsky v. Selective Serv. System, 418 F.2d 155, 158 (7th Cir. 1969).  Indeed, where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to ready dismissal for lack of subject matter jurisdiction.  See, e.g., Dettmann v. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1982); Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986); Brumley v. Dep't of Labor, 767 F.2d 444, 445 (8th Cir. 1985).

Because Customs and DOE have no record of receiving FOIA requests from Plaintiff, see Pullo Dec. ¶3, 4; Morris Dec. ¶ 3, there is no basis for Plaintiff to maintain an action against these agencies and his claim should be dismissed.  Alternatively, summary judgment should be granted in defendants' favor on this claim.

### D.  Adequacy of the Search by GAO and FCC

Plaintiff did not request the documents named in his Complaint from GAO or FCC.  See Armstrong Dec. ¶ 5, 6; Hair ¶¶ Dec. 4, 5.  However, GAO and FCC determined that they had received other FOIA requests from Plaintiff.  In response to those requests, these agencies, to the extent required, conducted searches for responsive records and provided them to Plaintiff.[4]  The

---

[4]GAO is not subject to the Freedom of Information Act (FOIA).  For purposes of the FOIA, "agency" means "each authority of the Government of the United States, but does not include . . . the Congress."  5 U.S.C. § 551(1).  Courts have interpreted this definition as exempting the entire legislative branch from the FOIA.  Mayo v. United States Gov't Printing Office, 9 F.3d 1450, 1451 (9th Cir. 1993).  GAO is an arm of Congress, and as such, is part of the legislative branch.  Bowsher v. Synar, 478 U.S. 714, 715 (1986).  GAO is therefore exempt from the FOIA.  See Chen v. Gov't Accountability Office, 821 F.2d 732, 737 n.6 (D.C. Cir 1987).  However, GAO follows the spirit of the FOIA under its own regulations regarding the public availability of GAO records at 4 C.F.R. part 81.

searches conducted by each agency were adequate.

After receiving Plaintiff's April 18, 2006 request for information about certain procedures and operations within GAO, GAO provided Plaintiff with the requested information. Armstrong Dec. ¶ 5. After receiving Plaintiff's November 13, 2005 request for GAO reports and information on public broadcasting permits issued by the FCC, GAO provided Plaintiff with the reports requested as well as the address for FCC's FOIA officer. See Armstrong Dec. ¶6. After receiving Plaintiff's December 13, 2005 request for information about obtaining an FCC license, FCC provided Plaintiff with the requested information. Shirley Dec. ¶ 2 and Exhibit 2.

Once an agency releases material, there is no further need for judicial function under the FOIA statute. Atkins v. Dep't of Justice, No. 90-5095, 1991 WS 185084, *1 (D.C. Cir. Sept. 18, 1991(unpub.)("The question of whether DEA complied with the Freedom on Information Act's . . . . time limitations in responding to [plaintiff's] request is moot because DEA has now responded to this motion."); Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987), quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982)("'[H]owever fitful or delayed the release of information under the FOIA may be . . . if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'")

GAO and FCC have provided documents requested by Plaintiff. Therefore, Plaintiff's claim against these agencies should be dismissed. Alternatively, summary judgment should be granted in defendants' favor.

8

## IV. CONCLUSION

For reasons stated herein, Defendants move for dismissal of this suit or for summary

judgment.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney
District of Columbia


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 28th day of April, 2006, the foregoing, and the attached

proposed Order, were mailed postage prepaid to:


Keith Thomas
CDCT-67081
Corcoran State Prison
S.H.U. 4-A-2-r Cell-21
P.O. Box 3476
Corcoran, California 93212




_____
                    MARIAN L. BORUM
                    Assistant United States Attorney

10