UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH THOMAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND<br>BORDER PROTECTION, ET AL.,<br><br>　　　　Defendants. | Civil No. 05-2362 (CKK) |

### DEFENDANT'S MOTION TO DISMISS
### OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

Plaintiff brings this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Administrative Procedure Act, 5 U.S.C. § 500, Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,[1] and the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution seeking a listing of ports from which ships containing cocaine were confiscated by United States Customs and Border Protection. The defendant, the United States Coast Guard ("Coast Guard"), by and through its undersigned attorneys, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), hereby respectfully moves to dismiss plaintiff's suit because the plaintiff did not make a FOIA request to the Coast Guard and, therefore, failed to exhaust administrative remedies prior to filing this suit as required by FOIA. Alternatively, pursuant to Rule 56 of the Federal Rules, defendant moves for summary judgment because there are no genuine issues in dispute and defendant is entitled to judgment as a matter

---

[1] 403 U.S. 388 (1971).

of law.[2]  In support of this motion, the Court is respectfully referred to the Declarations of Donald Taylor and Lineka N. Quijano. A memorandum of points and authorities in support of this motion and a proposed Order are filed herewith.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney
District of Columbia

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

---

[2]Plaintiff should take notice that any factual assertions contained in the affidavits in support of this motion will be accepted by the Court as true unless plaintiff submits his own declaration or other documentary evidence contradicting the assertions in the attached affidavits. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provide as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEITH THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-2362 (CKK) |
| | ) | |
| UNITED STATES CUSTOMS AND | ) | |
| BORDER PROTECTION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Civil Rule 7(h), defendant submits this statement of material facts as to which there is no genuine issue:

1. On or about December 8, 2005, Plaintiff filed a Complaint naming the United States Coast Guard ("Coast Guard") as well as United States Customs and Border Protection, Bureau of Alcohol, Tobacco and Firearms ("ATF"), Federal Bureau of Investigation ("FBI"), Central Intelligence Agency, United States Department of Energy, Government Accountability Office, Federal Communications Commission, John Doe, Director, Customs, John Doe, Director, ATF, and David M. Hardy, FBI, as defendants. Plaintiff indicated that he had "written letters of claim and complaints . . . to the U.S. Customs and Border Protection . . . to obtain documents . . . ." Compl. pp. 1, 3, 4.

2. On or about March 20, 2006, the summons was returned unexecuted as to the Coast Guard. See Docket Report 9.

3. On or about March 20, 2006, Plaintiff filed an Amended Complaint. See Docket Report 14.

4. On April 10, 2006, the Amended Complaint was served upon the Coast Guard. See Docket Report 15.

5. The Coast Guard did not receive a Freedom of Information Act request from Plaintiff. See Taylor Dec. ¶ 3 and Quijano Dec. ¶¶ 2, 3.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney
District of Columbia

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH THOMAS,              )<br>                            )<br>        Plaintiff,    )<br>                            )<br>    v.                      )<br>                            )<br>                            )<br>UNITED STATES CUSTOMS AND   )<br>BORDER PROTECTION, ET AL., )<br>                            )<br>        Defendants.  )<br>_____) | Civil No. 05-2362 (CKK) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

### I. BACKGROUND

On or about December 8, 2005, Plaintiff, Keith Thomas, commenced this action by filing a complaint in the United States District Court for the District of Columbia. The Complaint named the Coast Guard as well as United States Customs and Border Protection, Bureau of Alcohol, Tobacco and Firearms ("ATF"), Federal Bureau of Investigation ("FBI"), Central Intelligence Agency, United States Department of Energy, Government Accountability Office, Federal Communications Commission, John Doe, Director, Customs, John Doe, Director, ATF, and David M. Hardy, FBI, as defendants.

On or about March 20, 2006, the summons was returned unexecuted as to the Coast Guard. See Docket Report 9.[1] On or about March 20, 2006, plaintiff filed an Amended

---

[1] The claims against the other defendants were addressed in a Motion to Dismiss or Alternatively, for Summary Judgment filed on April 28, 2006.

Complaint.[2] The Amended Complaint was served on the Coast Guard on April 10, 2006.

In the Amended Complaint, Plaintiff asserts that the action is brought pursuant to Bivens. The Complaint is inartfully drafted. However, plaintiff seems to claim that his rights under the Freedom of Information Act, 5 U.S.C. § 522, the Administrative Procedure Act, 5 U.S.C. § 500, and the Fifth, and Fourteenth Amendments were violated because he has been unable to obtain information about ships containing cocaine that were seized by Customs. See Compl. p. 1. Specifically, Plaintiff alleges that he has been unable to obtain the following information:

> "1. Listing of US . . . ports of the U.S. Custom (sic) branches that confiscated ships that transported tons of cocaine that was (sic) seize (sic) by the U.S. Custom (sic). . . requesting all paperwork that dealt with each ship seize (sic) with cocaine.
>
> 2. How much cocaine has been confiscated, and the procedure how (sic) it has been computed . . . and use (sic) as evidence.
>
> 3. The names of all ship (sic) and their course when seize (sic)."

Compl. pp. 1-2. Plaintiff also seems to claim that his First and Eighth Amendment rights were violated because he has been prevented from "petition[ing] the Government for a redress of grievance." Compl. p. 3.

## II. STANDARD OF REVIEW

### A.    Motion to Dismiss for Failure to State a Claim (Fed.R.Civ.P. 12(b)(6))

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the plaintiff can prove no set of facts in support of his claim that

---

[2] The Amended Complaint, in all material respects, is the same as the original complaint and raises no new issues.

would entitle him to relief. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Id. Additionally, if a party relies on matters outside the pleading to support a motion to dismiss pursuant to Rule 12(b)(6), such motion is treated and disposed as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(6).

### B.   Summary Judgment (Fed.R.Civ.P. 56)

Summary judgment may be granted when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995). A genuine issue is one that could change the outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 243 (1986). While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the nonmoving party - - when faced with a summary judgment motion - - has the burden of establishing more than the "mere existence of a scintilla of evidence" demonstrating a genuine issue in dispute for purposes of defeating the moving party's motion. See Lester v. Natsios, 290 F.Supp.2d 11, 19-20 (D.D.C. 2003), citing Anderson, 477 U.S. at 255. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250. As the Supreme Court has stated, "[o]ne of the principle purposes of the summary judgment rule

is to isolate and dispose of factually unsupported claims or defenses." Celotex, 477 U.S. at 323-324.

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Alveska Pipeline Serv. Co. v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment); Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. Oglesby v. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001).

### III. ARGUMENT

#### A. Plaintiff Does Not Have a Claim Under Bivens

Pursuant to Bivens, Plaintiff has made First, Fifth, Eighth and Fourteenth Amendment claims against the Coast Guard. However, Plaintiff asserts that he is seeking relief because of his inability to obtain requested information. Therefore, his claim is one which falls under the Freedom of Information Act. "FOIA established a comprehensive statutory scheme to resolve all issues associated with the release of documents." Johnson v. Exec. Office for U.S. Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002). When a plaintiff's claims are encompassed within the

remedial scheme of FOIA, courts have concluded that a <u>Bivens</u> remedy is not appropriate. <u>Id</u>; <u>Spagnola v. Mathis</u>, 859 F.2d 223, 228 (D.C. Cir. 1988)(<u>en banc</u>)(no Bivens remedy available if a statute provides a "comprehensive system to administer public rights"); <u>Daly v. Costle</u>, 661 F.2d 959, 963 (D.C. Cir. 1981)("The fact that Plaintiff 'has alleged constitutional deprivations does not change the analysis, for so long as effective remediation conceivably could have been achieved through the administrative process, exhaustion was a prerequisite.") <u>Cf</u>. <u>Griffin v. Ashcroft</u>, No. 02-5399, 2003 WL 22097940, *1-2 (D.C. Cir. Sept 3, 2003)(affirming dismissal of constitutional claims because "they are encompassed within the remedial scheme of the Privacy Act"). In <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 423 (1987), the Court indicated that when the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, additional <u>Bivens</u> remedies are not created. <u>See</u> <u>Bush v. Lucas</u>, 462 U.S. 367, 368 (1983)(courts should refrain from implying a <u>Bivens</u> remedy when 'special factors' counseling hesitation, such as Congressionally-provided remedies for constitutional violations, are present.") <u>See also</u> <u>Chung v. Dep't of Justice</u>, 333 F.3d 273, 275 (D.C. Cir. 2003); <u>Sinclair v. Hawke</u>, 314 F.3d 934, 939-40 (8th Cir. 2003). Even if the remedies available in FOIA and appellate review were somehow deemed inadequate to address Plaintiff's alleged harms, their mere existence is sufficient reason for the courts not to create a <u>Bivens</u> cause of action.

Here, Plaintiff's claim is properly addressed by the detailed procedures available to all requesters under FOIA. <u>See</u> <u>Brooks v. Bureau of Prisons</u>, No.Civ.A. 04-0055, 2005 U.S. Dist. LEXIS 4453, *1 (D.D.C. March 17, 2005). Therefore, Plaintiff's <u>Bivens</u> claim must fail.

### B. Plaintiff Failed to Exhaust His Administrative Remedies

Exhaustion is a prerequisite to filing suit under the FOIA. Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004)(per curiam), citing, Oglesby, 920 F.2d at 61-64, 65 n.9. In Wilbur, the District of Columbia Circuit stated,

> At the outset the district court correctly observed that "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA, which means that a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response. . . ."(citing Oglesby, 920 F.2d at 61-64 65 n. 9.

Id. (internal citation omitted); accord Dettman v. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Judicial Watch, Inc. v. FBI, 190 F.Supp.2d 29, 32 (D.D.C. 2002); Trueblood v. Dep't of Treasury, 943 F.Supp. 64, 68 (D.D.C. 1996).

When a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full and timely administrative exhaustion, the lawsuit is subject to ready dismissal. Dettman, 802 F.2d at 1477. FOIA requests are intended to be handled administratively, in the first instance, not in District Court. This goal would be thwarted if a FOIA requester could bypass the administrative process and litigate a FOIA request without first giving the agency an opportunity to address and resolve that request. To further this goal, the law provides that a FOIA plaintiff's failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction over the unexhausted claims. See Oglesby, 920 F.2d at 61-62. Indeed, it is black-letter law that: "[a] plaintiff's FOIA lawsuit is subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust all administrative remedies." Trueblood, 943 F.Supp. at 67; accord Dettmann, 802 F.2d at 1477; Center to Prevent Handgun Violence v. Dep't of Treasury,

981 F. Supp. 20, 23 (D.D.C. 1997); Crooker v. U.S., 577 F. Supp. 1218, 1219 (D.D.C. 1983). For obvious reasons, as the court stated in Center to Prevent Handgun Violence, 981 F. Supp. at 23, "strict enforcement of the exhaustion doctrine is favored in FOIA cases." Moreover, a plaintiff cannot evade proper FOIA administrative procedures by attempting to file his FOIA request as part of a judicial proceeding. Muhammad v. Bureau of Prisons, 789 F. Supp. 449, 450-51 (D.D.C. 1992) (requester cannot submit request to court with litigation filings).

Here, Plaintiff alleges to have "writter (sic) letters of complaint . . . to the U.S. Customs and Border Protection . . . to obtain documents." Compl. p. 5. Plaintiff does not assert that he wrote letters to the Coast Guard requesting documents. Moreover, the Coast Guard has no record of receiving a FOIA request from Plaintiff, see Taylor Dec. ¶ 3, Quijano Dec. ¶¶ 2, 3. To the extent that plaintiff is claiming that the Coast Guard has failed to provide him documents, the claim should be dismissed. Plaintiff never made a FOIA request to the Coast Guard and, hence, has failed to exhaust administrative remedies prior to filing this suit.[3] See Wilbur, 355 F.3d at 677, quoting, Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C.Cir. 2003) (The District of Columbia Circuit stated that exhaustion under FOIA "is not jurisdictional because the FOIA does not unequivocally make it so..." but nevertheless concluded that "the FOIA's administrative scheme 'favors treating failure to exhaust as a bar to judicial review.'")(other citations omitted); Hamilton Securities Group, Inc. v. Dep't Housing Urban Development,106 F.Supp.2d. 23, 27 (D.D.C. 2000) (ruling under a motion to dismiss that the Court lacked subject matter jurisdiction

---

[3]FOIA requires Federal agencies to make their records promptly available to any person who makes a proper request for them. See FOIA Update, Vol. XIX, No.3, at 4. Until an agency (or the proper component of that agency) receives a FOIA request, it is not obligated to search for responsive records, meet time deadlines, or release any records. Blackwell End v. EEOC, 1999 U.S. Dist. LEXIS 3708, at 6 (E.D.N.C. Feb. 12, 1999).

because Plaintiff failed to exhaust administrative remedies under the FOIA). See also Flowers v. I.R.S., 307 F.Supp.2d 60, 66 (D.D.C. 2004). Therefore, the Court should dismiss Plaintiff's claim under Fed. R. Civ. P.12 (b)(1). Alternatively, summary judgment should be granted in defendant's favor on this claim.

## IV. CONCLUSION

For reasons stated herein, Defendant moves for dismissal of this suit or for summary judgment.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney
District of Columbia

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

**Table of Authorities**

**Cases**                                                                                                           **Page**

Alveska Pipeline Serv. Co. v. EPA, 856 F.2d 309 (D.C. Cir. 1988) ............................... 4

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ................................................. 3

Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)..1, 4, 5

Blackwell End v. EEOC, 1999 U.S. Dist. LEXIS 3708 (E.D.N.C. Feb. 12, 1999) .......... 7

Brooks v. Bureau of Prisons, No.Civ.A. 04-0055, 2005 U.S. Dist. LEXIS 443, *1

  (D.D.C. March 7, 2005) ............................................................................................. 5

Bush v. Lucas, 462 U.S. 367 (1983) ............................................................................. 5

Celotex Corp. V. Catrett, 477 U.S. 317 (1986) ............................................................. 3

Center to Prevent Handgun Violence v. Dep't of Treasury, 981 F.Supp. 20 (D.D.C. 1997)..6

Chung v. Dep't of Justice, 333 F.3d 273 (D.C. Cir. 2003) ............................................ 5

Crooker v. U.S. Secret Serv., 577 F.Supp. 1218 (D.D.C. 1983) .................................... 6

Daly v. Costle, 661 F.2d 959 (D.C. Cir. 1981) ............................................................. 4

Dettman v. Dep't of Justice, 802 F.2d 1472 (D.C. Cir. 1986) ....................................... 6

Diamond v. Atwood, 43 F.3d 1538 (D.C. Cir. 1995) .................................................... 3

Flowers v. I.R.S., 307 F.Supp.2d 60 (D.D.C. 2004) ..................................................... 7

Griffin v. Ashcroft, No. 02-5399, 2003 WL 22097940, *1-2 (D.C. Cir. Sept. 3, 2003) .. 5

Hamilton Securities Group, Inc. V. Dep't of Housing and Urban Development,

  106 F.Supp.2d 23 (D.D.C. 2000) ............................................................................... 7

Hayden v. National Security Agency, 608 F.2d 1381 (D.C. Cir. 1979) ......................... 4

Hidalgo v. FBI, 344 F.3d 1256 (D.C.Cir. 2003) ........................................................... 7

Johnson v. Exec. Office of U.S. Attorneys, 310 F.3d 771 (D.C. Cir. 2002) ............... 4

Judicial Watch, Inc. V. FBI, 190 F.Supp.2d 29 (D.D.C. 2002) ...................... 6

Kowal v. MCI Communications Corp., 16 F.3d 1271 (D.C. Cir. 1994) ............. 2

Lester v. Natsios, 290 F.Supp.2d 11 (D.D.C. 2003) ....................... 3

Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574 (1986) ............. 3

Muhammad v. U.S. Bureau of Prisons, 789 F.Supp. 449 (D.D.C. 1992) ............. 7

Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) ....................... 2

Oglesby v. Dep't of Army, 920 F.2d 57 (D.C. Cir. 1990) ....................... 4, 5, 6

Schweiker v. Chilicky, 487 U.S. 412 (1987) ....................... 5

Sinclair v. Hawke, 314 F.3d 934 (8th Cir. 2003) ....................... 5

Spagnola v. Mathis, 589 F.2d 223 (D.C. Cir. 1988) ....................... 4

Students Against Genocide v. Dep't of State, 257 F.3d 828 (D.C. Cir. 2001) ............... 4

Trueblood v. Dep't of Treasury, 943 F.Supp. 64 (D.D.C. 1996) ....................... 6

Weisberg v. Dep't of Justice, 627 F.2d 365 (D.C. Cir. 1980) ....................... 4

Wilbur v. CIA, 355 F.3d 675 (D.C. Cir. 2004) ....................... 5, 6, 7

**Statutes**

5 U.S.C. § 552 ....................................................................1, 2

5 U.S.C. § 500 ....................................................................1, 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 10th day of May, 2006, the foregoing were mailed postage prepaid to:

Keith Thomas
CDCT-67081
Corcoran State Prison
S.H.U. 4-A-2-r Cell-21
P.O. Box 3476
Corcoran, California 93212


_____
MARIAN L. BORUM
Assistant United States Attorney